# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5234 | **DATE** | 11/4/2010 |
| **CASE TITLE** | EEOC vs. Kable News Co. | | |

**DOCKET ENTRY TEXT**

EEOC's petition to enforce Subpoena No. CH-10-038 is granted subject to the limitations to which EEOC has agreed in its reply brief. Status hearing set for 11/12/10 is now vacated.

■[ For further details see text below.]  Notices mailed by Judicial staff.

# STATEMENT

     EEOC's petition to enforce Subpoena No. CH-10-038 is granted subject to the limitations to which EEOC has agreed in its reply brief.[1] Respondent is ordered to provide, for each employee employed at any time by Kable News Company, Inc., Kable Fulfillment Services, Inc., or Kable Media Services, during the period of January 1, 2007 to December 2, 2009 (the date of the subpoena): a) name; b) date of birth; c) date of hire; d) title/position(s) held and dates of employment for each position; e) direct supervisor for each position held; f) current employment status; g) last known home address and telephone number, including cellular phone number; h) date of separation (if applicable); I) reason for separation (to the extent this information can be obtained other than by contacting former managers and supervisors); and j) name of decision-maker(s).

     EEOC subpoena enforcement proceedings are highly deferential. *E.E.O.C. v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir. 1987) (role of the court is "sharply limited" in such proceedings). Respondent's objection that the subpoena seeks information that is irrelevant to the charge that prompted EEOC's investigation fails to appreciate that "the ADEA's grant of investigative authority to the Commission is not cabined by any reference to charges." *E.E.O.C. v. Sidley Austin Brown & Wood*, 315 F.3d 696, 701 (7th Cir. 2002). Moreover, respondent's argument that it has already produced sufficient information for the EEOC to conclude its investigation of the current charge not only suffers from the same misapprehension, it assumes the correctness of respondent's own theory of the case, which the EEOC is entitled to test through an expanded investigation. *See E.E.O.C. v. A.E. Staley Mfg. Co.*, 711 F.2d 780 (7th Cir. 1983) ("Here, we have only the mere assertion by [respondent] that its employment decisions are effected pursuant to a bona fide seniority system....The purpose of th[e] subpoena is to determine whether such employment decisions are in fact made pursuant to a bona fide seniority system.")

     With respect to burden, respondent does not meet the high threshold of showing that responding to the subpoena would "threaten the normal operation of respondent's business." *E.E.O.C. v. Quad/Graphics, Inc.*, 63

| STATEMENT |
|---|
| F.3d 642, 645 (7th Cir. 1995). Respondent estimates that the review of personnel files it claims would be necessary to comply with the subpoena could take one-and-a-half to three months, assuming that respondent's two human resources employees dedicated all of their time to the process during that period. Respondent also objects to the additional burden of interviewing employees and particularly former employees; but the concerns it articulates are substantially alleviated by the EEOC's agreement not to require it to contact former employees. While certainly respondent will be subjected to some burden, the claimed burden is a far cry from the one held unreasonable in *E.E.O.C. v. United Air Lines*, 287 F.3d 643, 648 (7th Cir. 2002), in which the respondent estimated it would take "approximately '5.5 employees working 2000 hours apiece for an entire year' to comply with the subpoena." Moreover, respondent is clearly part of a substantial corporate group that presumably has the resources to enlist additional employees in the process, should the two human resources employees identified by respondent be unable to handle the task concurrently with their normal duties. |

1.The EEOC has agreed to limit item "I" as set forth in the parenthetical portion of that item.